Filed: 1/9/2018 1:32 PM
Lynne Finley
District Clerk
Collin County, Texas
By Morgan Hockett Deputy
Envelope ID: 21704126

CAUSE NO. 416-00110-2018

| | | |
|---|---|---|
| **EILEEN HARRISON** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | **COLLIN COUNTY, TEXAS** |
| | § | |
| **QUIKTRIP CORPORATION** | § | |
| | § | |
| **Defendant** | § | **_____JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Eileen Harrison, Plaintiff in the above-entitled and referenced cause of action, and files this the Plaintiff's Original Petition complaining of QuikTrip Corporation, Defendant, and would respectfully show the Court as follows:

**1.00    LEVEL OF DISCOVERY CONTROL PLAN**

1.01    Discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

**2.00    PARTIES**

2.01    Eileen Harrison is a natural person and resident of Collin County, Texas. The last 3 digits of Plaintiff's Texas driver's license are 928 and the last 3 digits of her Social Security number are 314.

2.02    QuikTrip Corporation is an Oklahoma corporation engaged in and doing business in Texas. QuikTrip Corporation is a citizen of Texas and Oklahoma since it owns, operates and/or manages numerous stores in Texas. QuickTrip Corporation, a company doing business in Texas, is located at 6400 Preston Rd. Plano, Texas and may be served with process through their registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### 3.00 JURISDICTION AND VENUE

3.01 At all times relevant to the causes of action asserted herein, the corporate Defendant was a citizen of the State of Texas since it has had continuing and systematic contact with the State of Texas by, among other things, owning, operating, and or managing convenience stores in the State of Texas. Further, Defendant has had minimum contacts with Texas and is doing business in Texas, by, among other things: entering into contracts, by mail or otherwise with residents of the State of Texas and contracting for performance in Texas, recruiting Texas residents for employment inside and/or outside the State, and owning, operating and/or managing property in the State of Texas. The causes of action asserted herein arise from such contact and business within this State.

3.02 The damages sought are within the jurisdictional limits of the court. Plaintiff prefers to have the jury determine the amount of Plaintiff's damages, but the Rules of Civil Procedure require Plaintiff to state a specific amount. Plaintiff therefore states that she seeks monetary relief over $200,000.00 but not more than $1,000,000. Plaintiff demands judgment for all the other relief to which the party deems herself entitled.

3.03 Venue is proper in this Court by virtue of sections 15.001 et. seq. of the Texas Civil Practice & Remedies Code because the cause of action which is the basis of this case arose in whole or in part in Collin County. Specifically, the Plaintiff fell and was injured on property located in Collin County, Texas.

### 4.00 FACTUAL BACKGROUND

4.01 On or about August 5, 2016, Plaintiff was walking into the restroom at a QuikTrip store located in Collin County, Texas when she suddenly, and without warning, fell on a significant amount of liquid that was located at the entrance of the restroom. The Plaintiff fell on the premises

of the building owned by Defendant, QuikTrip Corporation located at 6400 Preston Road, Plano, Collin County, Texas. Defendant QuikTrip Corporation owned and maintained the restroom and building at the time of the incident. As a result, Plaintiff sustained serious injuries, including a significant head injury and substantial neck injury, which required surgery and will require additional surgery.

4.03    As a direct, indirect and/or proximate cause of the above described acts and/or omissions, the Plaintiff suffered serious and substantial injuries and damages.

## 5.00    CAUSES OF ACTION

### 5.01    *Premises Liability*

Plaintiff incorporates the previous paragraphs by reference as though fully set forth in their entirety. At the time of the incident, Plaintiff was an invitee on the premises owned by Defendant and entered the premises with the Defendant's knowledge. At the time of the incident resulting in Plaintiff's injuries, Defendant owned and was in possession of the building, restroom and common areas of the premises located at 6400 Preston Rd. Plano, Texas.

At the time of the incident resulting in the Plaintiff's injuries, there was a significant amount of liquid located at the entrance of the restroom when Plaintiff was entering the restroom. The Defendant knew or should have known of the danger of leaving a significant amount of liquid at the entrance of the restroom where customers are known and required to walk to use the restroom facility. The Plaintiff would further show that the condition of the floor had continued for such a period that had Defendant or Defendant's agents exercised ordinary care in the maintained of the floor surface area, it would have been noticed and corrected by such persons.

By failing to maintain the areas, in a reasonably safe manner, Defendant directly and proximately caused the incident that resulted in serious and permanent injury to Plaintiff. Each of

the above acts and omissions, singularly or in combination with others proximately caused Plaintiff's injuries and damages.

### 5.02 *Negligence*

Plaintiff incorporates the previous paragraphs by reference as though fully set forth in their entirety. At all times relevant to this incident, Defendant had a duty to act as a reasonable owner would have acted under the same or similar circumstances. Defendant breached its duty by, among other acts and/or omissions:

a. Failing to warn the general public, including Plaintiff, of the dangerous conditions which existed on their premises;

b. failing to adequately inspect their premises for these dangerous conditions;

c. failing to remove or correct dangerous conditions created on their premises;

d. failing to monitor the restroom where customers walk;

e. failure to discover and remove the dangerous substance within a reasonable time;

f. creating dangerous conditions in and around areas of the premises;

g. failing to act as a reasonably prudent owner, operator, or manager of a business premise with known dangerous conditions;

h. failure to warn business invitees and others of the dangerous conditions which existed on their premises; and

i. other acts of negligence.

The above described acts and/or omissions were singularly and severally the proximate cause of the occurrence in question and resulting injuries and damages sustained by Plaintiff.

### 6.00 **DAMAGES**

6.01  Plaintiff incorporates the previous paragraphs by reference as though fully set forth in their entirety. As a proximate cause of the above described acts and/or omissions on the part of Defendant, Plaintiff has sustained damages and harm. Plaintiff seeks all damages to which she is

entitled at law for personal, emotional, economic, and physical injuries sustained in the past as well as those damages she will continue to sustain in the future as a result of the occurrence in question. Plaintiff has suffered personal injuries and is entitled to damages as a result of the conduct of the Defendant including, but not limited to:

    a.    medical, hospital, and pharmaceutical expenses, past and future;

    b.    physical pain and suffering, past and future;

    c.    mental anguish, past and future;

    d.    disfigurement, past and future;

    e.    loss of earnings past and future;

    f.    loss of earning capacity; and

    g.    physical impairment, past and future.

**7.00**    **REQUEST FOR DISCLOSURE**

Pursuant to TEX. R. CIV. P. 194, Defendant is requested to disclose within (50) days of service of this request, the information or material described in TEX. R. CIV. P. 194.2.

Plaintiff requests that copies of responsive documents and other tangible items be produced by Defendant along with the written responses to this request, or if the responsive documents are voluminous, that the response state a reasonable time and place for the production of the documents, pursuant to TEX. R. CIV. P. 194.4.

**8.00**    **JURY TRIAL**

Plaintiff respectfully requests a jury trial in the above entitled and numbered cause. A jury fee is being tendered to the Clerk.

**9.00 PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein; and that upon final hearing hereof, Plaintiff receives judgment from the Defendant for:

9.01 Damages as plead;

9.02 Costs of Court;

9.03 Prejudgment interest at the highest legal rate allowed by law;

9.04 Interest on the judgment as the highest legal rate from the date of judgment until collected; and

9.05 Any and all such further relief in law and equity to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**ACEVES LAW, PLLC**

/s/Maria Fernanda Aceves
**MARIA FERNANDA ACEVES**
State Bar No. 24087074
3213 N. MacArthur Blvd., Ste. 203
Irving, Texas 75062
Phone: (972) 827-7962
Fax: (214) 614-4421
Email: maria.aceves@aceveslaw.com

**ATTORNEY FOR PLAINTIFF**